UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **PERRY COUNTY RESOURCES LLC,**<br>    **Plaintiff,**<br><br>v.<br><br>**BLUE DIAMOND MINING, LLC.**<br>    **Defendant.** | **CIVIL ACTION NO. 5:21-114-KKC**<br><br><br>**OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on a motion to dismiss (DE 13) by Defendant Blue Diamond Mining. Plaintiff having responded (DE 15) and Defendant having replied (DE 16), the matter is now ripe for the Court's review. For the reasons set forth herein, Defendant's motion (DE 13) is DENIED.

**I. Background**

This dispute arises out of a Permit Sales Agreement between Perry County Resources and Blue Diamond following the bankruptcy proceedings of Cambrian Holding Company, Inc. and affiliated debtors. (DE 1 at 2–3.) According to Plaintiff's Complaint, the Permit Sales Agreement—which closed on March 4, 2020—conveyed to Blue Diamond all of PCR's right, title and interest in and to specific permits, infrastructure, and other assets in exchange for $750,000 and certain mutually agreed upon equipment and other cash. (*Id.* at 4.) In addition, the Permit Sales Agreement included a provision in Paragraph 6 outlining Blue Diamond's obligations as to the return of certain equipment that would be retained by PCR:

> Following the Closing, Buyer [Blue Diamond] shall assemble upon the surface all equipment of Seller [PCR] within the boundaries of [the] Permits that is not the Infrastructure ("Seller's Retained Equipment"). Buyer shall not be liable for any damage to Seller's Retained Equipment, assuming Buyer has exercised

1

> normal, industry standard care in moving the Seller's Retained Equipment, pending Seller's removal thereof from the boundaries of the Permits or otherwise.

(*Id.* at 5.) PCR alleges that Blue Diamond has breached this provision by failing to bring all of the Seller's Retained Equipment to the surface.

PCR informed Blue Diamond of its breach allegation by hand-delivered letter on February 4, 2021 and gave Blue Diamond fifteen (15) days to cure the alleged breach, in accordance with the "Default" provisions of the Permit Sales Agreement. (*Id.* at 5–6.) When Blue Diamond did not cure the alleged breach, PCR filed its Complaint on March 29, 2021. The Complaint includes one claim for breach of contract and one claim for conversion. PCR seeks compensatory and punitive damages and other relief as the Court deems proper. (*Id.* at 7–8.)

Blue Diamond filed a motion to dismiss PCR's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 13.) PCR responded (DE 15), Blue Diamond replied (DE 16), and the matter is now ripe for the Court's review.

## II. Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d

605, 608 (6th Cir. 2012). Yet, at the same time, courts need not accept "legal conclusion[s] couched as [] factual allegation[s]." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 574, U.S. 10, 12 (2014). Where plaintiffs state "simply, concisely, and directly events that . . . entitle[] them to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement." *Id.*; *El-Hallani v. Huntington Nat. Bank*, 623 F. App'x 730, 739 (6th Cir. 2015) ("Although *Twombly* and *Iqbal* have raised the bar for pleading, it is still low."). Still, however, a complaint is subject to dismissal under Rule 12(b)(6) if it fails to plead facts that plausibly state a claim for relief. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

In resolving the motion, the Court will consider the allegations in the Complaint and may also consider certain other information, including "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)).

### III. Analysis

**A. Breach of Contract**

In Kentucky, a breach of contract claim requires proof of three elements: (1) the existence of a contract; (2) a breach of that contract; and (3) damages flowing from the breach of contract. *Henderson v. Skyview Satellite Networks, Inc.*, 474 F. Supp. 3d 893, 903–04 (W.D. Ky. 2020) (citing *Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009)).

Blue Diamond acknowledges that the first element is met but argues that PCR's breach of contact claim fails on the second element because the Complaint "does not

3

plausibly demonstrate a failure by Blue Diamond to comply with the terms of the Agreement." (DE 13 at 6.) In support, Blue Diamond points to the lack of a definite deadline for the provision in Paragraph 6, which only notes that the Retained Equipment should be brought to the surface "[f]ollowing the Closing." Because the Complaint fails to allege a deadline for Blue Diamond's performance and because Blue Diamond has been partially performing on an on-going basis—Blue Diamond argues—the Complaint does not contain allegations sufficient to plead a breach of contract.

On the other hand, PCR argues that the lack of a specific deadline in the agreement means that performance must occur within a "reasonable time" after the Closing. Under that standard, PCR claims to have adequately pled a breach because "[t]he Complaint contains sufficient allegations that Blue Diamond has failed and refused to assemble upon the surface of the Earth all of the Seller's Retained Equipment within a reasonable time[.]" (DE 15 at 4.)

To determine whether the Complaint adequately pleads a breach of contract, the Court must determine what the terms of the contract require.[1] When a contract lacks a specified date for performance, it is to be performed within a reasonable time. *Whitlow Const. & Dev., Inc. v. Kentucky Bank*, 2009 WL 960732, at *3 (Ky. Ct. App. Apr. 10, 2009) (citing *Stephens v. Horn*, 236 S.W.2d 953, 954 (Ky. 1951.)). What constitutes a "reasonable time" is a question of fact and is generally defined as the time necessary under the circumstances for a reasonably prudent and diligent person to perform the contract, having due regard for the rights of and possibility of loss to the other party. *Estill Cty. Water Dist. No. 1 v. Williams*, 2018 WL 6436607, at *4 (Ky. Ct. App. Dec. 7, 2018) (citing *Carhartt*

---

[1] Blue Diamond states multiple times that PCR failed to allege the provision of the Agreement with which Blue Diamond failed to comply. (DE 13 at 6–7.) PCR plainly states that it alleges a breach of the excerpted provision of Paragraph 6 of the Permit Sales Agreement. (DE 1 at 5 ¶ 23.)

4

*Holding Co. v. Mitchell*, 87 S.W.2d 360, 362 (Ky. 1935)). PCR contends that Blue Diamond did not perform its obligations within a reasonable time; Blue Diamond disagrees. The Court need not decide at this time which party is correct to find that—viewing the Complaint in the light most favorable to the plaintiff—PCR adequately pled a breach of the contract. *See, e.g., Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 641 (5th Cir. 1983) ("A court should be extremely reluctant to grant a motion to dismiss on a ground that requires a determination of the reasonable length of time for performance of a contract, in light of the fact that such a determination depends on the specific circumstances of the case and the intentions of the parties, facts that are not normally ascertainable from the pleadings."); *Robinett v. LoanCare, LLC*, No. 3:17-cv-424-DCN, 2018 WL 1950643, at *5 (D. Idaho Apr. 25, 2018) ("What constitutes 'reasonable time' for performance is a fact issue that must be decided at a later date. For now, Plaintiffs' allegation that Defendants violated this reasonable time term is sufficient to state a claim for breach of contract upon which relief can be granted.").

Finally, the Court must examine the third element of a breach of contract claim. PCR alleges that Blue Diamond's breach of the Permit Sales Agreement caused at least $535,000 in damages because PCR had to purchase replacement equipment and unspecified further damages resulting from depravation of use and from Blue Diamond's unauthorized use of and damage to the Retained Equipment. (DE 1 at 6.) Thus, PCR has adequately pled the third element of the claim.

Because PCR's Complaint contains sufficient factual matter, accepted as true, to state a plausible claim for breach of contract, Blue Diamond's motion to dismiss that claim is denied.

**B. Conversion**

Next, Blue Diamond argues that PCR's conversion claim should be dismissed for failure to state a claim. (DE 13 at 9–10.) To succeed on a conversion claim under Kentucky law, the plaintiff must prove that:

> (1) the plaintiff had legal title to the converted property; (2) the plaintiff had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment; (4) the defendant intended to interfere with the plaintiff's possession; (5) the plaintiff made some demand for the property's return which the defendant refused; (6) the defendant's act was the legal cause of the plaintiff's loss of the property; and (7) the plaintiff suffered damage by the loss of the property.

*Madison Cap. Co., LLC v. S & S Salvage, LLC*, 507 Fed. App'x 528, 532–33 (6th Cir. 2012) (quoting *Meade v. Richardson Fuel, Inc.*, 166 S.W.3d 55, 58 (Ky. Ct. App. 2005)). Blue Diamond specifically claims that the Complaint fails to adequately plead the second, third, and fourth elements of conversion.[2] (DE 13 at 10.)

Blue Diamond primarily argues that elements (2) and (3) are not met because PRC did not have the right to possess the Retained Equipment since there was no deadline for performance of Blue Diamond's obligations to move the Equipment. However, as outlined in Section III.A., the Complaint plausibly pleads a claim for breach of contract on the theory that Blue Diamond did not perform within a "reasonable time." If Blue Diamond plausibly possessed PRC's Retained Equipment beyond the "reasonable time" demanded by the contract, PRC would have had a right to possess the property at the moment the "reasonable time" window ended, satisfying element (2). PRC further alleges that Blue Diamond, in addition to possessing the Retained Equipment and thus denying PRC's rights

---

[2] Because Defendant does not dispute that the Complaint adequately pleads elements (1), (5), (6), and (7), and the Court agrees, the Court will not address those elements in greater depth at this stage of the proceedings.

6

to enjoy the property, used the Equipment itself (DE 1 at 7–8 ¶ 39), which would seem to satisfy element (3).

To satisfy element (4), a plaintiff must merely allege that the defendant had "the intent to exercise control over the property[,]" regardless of whether the defendant believed in good faith that he had the right to control the property. *Jasper v. Blair*, 492 S.W.3d 579, 582–83 (Ky. Ct. App. 2016). PRC's allegations that Blue Diamond retained and used the Equipment—when it was contractually obligated to bring the Equipment to the surface within a reasonable time after the Closing—are sufficient to satisfy element (4).

Because PCR's Complaint contains sufficient factual matter, accepted as true, to state a plausible claim for conversion, Blue Diamond's motion to dismiss that claim is denied.[3]

## IV. Conclusion

Accordingly, for the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendant's motion (DE 13) is **DENIED**.

This 10th day of December, 2021.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[3] The Court acknowledges that under Kentucky law a conversion claim cannot be brought alongside a breach of contract claim in cases where the property right alleged to have been converted arises entirely from the contractual rights. *Boling v. Prospect Funding Holdings, LLC*, 324 F. Supp. 3d 887, 898 (W.D. Ky. 2018). However, because neither side has yet raised or briefed the issue, the Court will decline to analyze at this stage of the proceedings whether that principle applies to these factual circumstances.